**MICHAEL C. SHAW, P.L.L.C.**
Michael C. Shaw, #014044
401 W. Baseline Rd.
Suite 210
Tempe, Arizona 85283
(480) 921-7545
E-mail: mcareyshaw@yahoo.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Wannetta Davis, | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| NCO Financial Systems, Inc., a Pennsylvania corporation, and John Masalonus, an individual, | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff, Wannetta Davis, upon information and belief, and in good faith, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, and for unreasonable debt collection activities and invasion of privacy.  In the course of attempting to collect an alleged debt, Defendant engaged in deceptive, unfair and/or abusive debt collection practices in violation of the FDCPA, and took actions which constitute unreasonable debt collection and invasion of privacy under the doctrine enunciated in Fernandez v. United Acceptance Corporation, 610 P.2d 461 (Ariz. App.

1980).  Plaintiff accordingly seeks an award of statutory damages, actual damages, punitive damages, and attorney's fees and costs.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein..

## PARTIES

3. Plaintiff is a natural persons residing in Maricopa County, Arizona.

4. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant, NCO Financial Systems, Inc. (hereinafter "NCO") is a Pennsylvania corporation with its principal offices located at 507 Prudential Road, Horsham Pennsylvania.

6.  NCO regularly collects or attempts to collect debts owed or asserted to be owed or due another, or debts it has purchased after default, and is a "debt collector" as defined by 15 U.S.C. §1692a(6).

7. Defendant, John Masalonus, is a natural person employed by Defendant NCO, as a collector, at all times relevant to this Complaint.  He also regularly collects or attempts to collect debts owed or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Upon information and belief, approximately three years ago, Plaintiff obtained a credit card from Bank of America for the purpose of consumer transactions.

9. Subsequently, Plaintiff was unable to maintain monthly payments on the credit card account, and the account was defaulted, then assigned and/or transferred to NCO for collection purposes.

10. In June, 2004, Plaintiff authorized NCO to withdraw funds from her checking account, in the amount of $150.00 each, only for the dates of June 18, June 25, July 9, and July 23, 2004.

11. Upon information and belief, NCO failed to inform Plaintiff at least five days prior to withdrawing the amounts, that it was withdrawing the amounts on the above dates.

12. On or about August 9, 2004, and August 23, 2004, Defendant NCO withdrew from Plaintiff's checking account two additional, unauthorized amounts of $150.00 each. Those two unauthorized withdrawals caused Plaintiff to incur additional bank fees.

13. To date, Plaintiff has never been refunded the amount of the two unauthorized withdrawals, nor compensated for the damage to her checking account that occurred.

14. Between August, 2004 to present, NCO, through its agents and/or representatives, has continually contacted Plaintiff via telephone at her place of employment. Initially, Plaintiff informed NCO that she was not allowed to receive personal

phone calls at work, and that such telephone calls could have an adverse effect on her employment. Despite the above, NCO continued its collection campaign at Plaintiff's place of employment.

15. Within the last year, Defendant NCO also contacted Plaintiff at her residence. On at least one occasion, Plaintiff was contacted before 8:00 a.m.

16. On or about December 17, 2005, Defendant NCO mailed or caused to be mailed a letter to Plaintiff (attached hereto and incorporated herein as "Exhibit A" is a copy of that letter).

17. Despite that letter listing the interest rate as 0.000%, Defendant NCO's letter attempts to collect interest in the amount of $1,013.16.  Further, the letter attempts to collect other charges due and owing by Plaintiff in the amount of $1,273.14.

18. On January 31, 2006, Defendant John Masalonus, contacted Plaintiff at her place of employment and stated that she must get in touch directly with his office, that NCO has to make a final recommendation on claim HQ9858 before reporting it out directly over to Maricopa County. He further stated that it is in her best interest to get back to him with a return call, and that he absolutely does not have much more time, within the next few hours.

19. Upon listening to the above message, and with the knowledge of NCO's previous unauthorized actions towards her, Plaintiff became very distressed and confused about what actions would be taken by NCO and/or Mr. Masalonus, and immediately left her place of employment to go home.

20. On or about February 21, 2006, Defendant NCO mailed or caused to be mailed a letter to Plaintiff (attached hereto and incorporated herein as "Exhibit B" is a copy

- 4 -

of that letter). While this letter continues to list the interest rate at 0.000%, the interested attempted to be collected by NCO has risen to $1,185.18 from $1,013.16, in roughly two months. Further, this letter continues to attempt to collect other charges due and owing by Plaintiff in the amount of $1,273.14.

21. NCO's attempt to collect an additional amount of $172.02, for the period of December 17, 2006 through February 21, 2006, when the interest rate is reported by it to be 0.000%, is not only a false and misleading representation, but also represents its unfair practice in violation of the FDCPA.

22. The actions perpetrated by Defendants herein are in clear violation of the Fair Debt Collection Practices Act.

23. The foregoing acts and omissions were undertaken by Defendants intentionally, willfully, and in gross or reckless disregard of the rights of Plaintiff and as part of its persistent and routine practice of debt collection.

24. In the alternative, Defendants' acts and omissions as set forth above, were negligent.

25. As a result and proximate cause of Defendants' actions, Plaintiff has suffered damages in an amount to be shown at trial. These damages include, but are not limited to, embarrassment, humiliation, abuse and emotional distress.

**CAUSES OF ACTION**

**a. Fair Debt Collection Practices Act.**

26. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

27. Defendant's violations of the FDCPA include, but are not necessarily limited to 15 U.S.C. §1692 c(1), c(3), (d), d(1), d(5), e, e(1), e(7), e(10), f(1), f(2).

**b. Invasion of Privacy**

28. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

29. Defendant's actions constitute unreasonable debt collection and an invasion of privacy pursuant to the doctrine enunciated in Fernandez v. United Acceptance Corporation, 610 P.2d 461 (Ariz. App. 1980).

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Actual damages in an amount to be shown at trial;

b) Statutory damages of no less than $1,000 pursuant to FDCPA §1692k;

c) Punitive damages pursuant in an amount to be shown at trial;

d) Costs and reasonable attorney's fees pursuant to FDCPA §1692k; and

d) Such other relief as may be just and proper.


RESPECTFULLY SUBMITTED   March 20, 2006   .


      by:   s/ Michael C. Shaw
      Michael C. Shaw, #014044
      **MICHAEL C. SHAW, P.L.L.C.**
      401 W. Baseline
      Suite 210
      Tempe, Arizona 85283
      Office:  (480) 921-7545
      Fax:  (480) 857-2585
      Attorney for Plaintiff